RAMÓN CALERO AND SERAFÍN ALFARO, Plaintiffs and Appellants, v. MUNICIPAL ASSEMBLY OF ISABELA, Defendant and Appellee.

No. 3944.   Argued January 19, 1928.—Decided February 10, 1928.

V. M. Fernández and M. Tous Soto for the appellants. Guerra Mondragón & Soldevila and R. Rivera Zayas for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ramón Calero and Serafín Alfaro petitioned the district court of Aguadilla for a writ of certiorari addressed to the municipal assembly of Isabela. The writ was issued and finally discharged by the district court, whereupon Calero and Alfaro appealed to this court.

It appears from the petition that the petitioners were elected members of the municipal assembly of Isabela in the

general elections of 1924; that they took possession of their offices on the second Monday of January, 1925, and on June 18, 1925, the assembly expelled them from its body and declared their offices vacant; that the petitioners instituted proceedings in certiorari in which they were successful; that the judgment was appealed from by the assembly on August 12, 1925, and while the appeal was still pending the assembly, on May 13, 1926, declared again vacant the offices of the petitioners on the ground that they continued absenting themselves from the sessions of the assembly. The nullity of that last resolution is what the court was asked to declare in this second certiorari proceeding.

The first was decided against the petitioners during the pendency of this appeal. The district court had ruled that they had been removed illegally and this Supreme Court decided that the judgment appealed from should be reversed and substituted by another declaring that the petition in certiorari was not sufficient and therefore the writ should be discharged, without special imposition of costs. *Alfaro v. Municipal Assembly,* 35 P.R.R. 721.

Under these circumstances, as the first resolution of the assembly declaring the offices of the petitioners vacant was sustained, why is it necessary to investigate and determine whether or not the second resolution deciding the same thing for ulterior reasons is well founded?

In our opinion the only answer is that it is not necessary.

Now, although the question to be decided on its merits is academic, there is against the appellants a pronouncement of costs and disbursements, including attorney's fees, that requires at least an examination of the merits for the purpose of ascertaining whether or not there was temerity on their part in instituting their second proceeding.

They had been successful, the judgment was appealed from and they believed that the appeal stayed the effects of the judgment and did not insist on returning to the assembly,

waiting for a final decision by this Supreme Court. Moreover, more or less correctly there arises from the record the question of the failure to summon them to attend any of the sessions from which they were absent. Under these circumstances, when they learned of the second resolution of the assembly they did not act, in our opinion, with temerity in going again before the courts, and, therefore, they should not have been adjudged to pay the costs.

Therefore, the judgment is in fact affirmed, but without the pronouncement of costs. Said pronouncement shall be worded as follows: "Without special imposition of costs."

Mr. Justice Texidor took no part in the decision of this case.